UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETTIE B. WHITLOW,

                    Plaintiff,    Case No. 25-11458
                                  Honorable Shalina D. Kumar
v.                                Magistrate Judge Elizabeth A. Stafford

VMC REO LLC, et al.,

                    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 38), ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 36), GRANTING DEFENDANT'S MOTION FOR SANCTIONS (ECF NO. 19), AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

---

### I.    Introduction

Plaintiff Nettie B. Whitlow, proceeding pro se, initiated this case against multiple defendants alleging violations of her civil rights arising out of the alleged wrongful foreclosure of her home. ECF No. 1. This case was referred to the assigned magistrate judge for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 1.

Defendant VMC REO, LLC ("VMC") moved to dismiss Whitlow's complaint as a sanction for her failure to appear for her June 2025 deposition pursuant to Fed. R. Civ. P. 37. ECF No. 19. After failing to

Page **1** of **13**

appear for her June 2025 deposition, the magistrate judge ordered Whitlow to appear for her deposition and warned her that failure to appear may result in her case's dismissal. A status conference was also scheduled to confirm that Whitlow appeared for her re-noticed deposition. However, Whitlow did not appear for the status conference. Whitlow was then ordered to show cause why her case should not be dismissed as a sanction for her failure to appear at both the re-noticed deposition and the status conference. Whitlow filed an untimely response to the show cause order. The magistrate judge issued a Report and Recommendation (R&R) recommending that VMC's motion for sanctions be granted, and Whitlow's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(d)(3) and (b)(2)(A)(v). ECF No. 36. Whitlow filed objections to the R&R. ECF No. 38.

## II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues…that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Page **3** of **13**

Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

### III.   Analysis

Whitlow filed five objections. The Court will address each one in turn.

### A. Objection 1

Whitlow first objects to the R&R's finding that her failure to appear for her deposition and the status conference was willful and in bad faith, and

asserts that this conclusion was not supported by the "full factual record."

ECF No. 38, PageID.365.

Rule 37(d) of the Federal Rules of Civil Procedure authorizes a

district court to impose sanctions, including dismissal, for a party's failure to

appear for the party's deposition. *Moore v. Erickson*, 2023 WL 9023353, at

*2 (6th Cir. Oct. 5, 2023) (citing Fed. R. Civ. P. 37(d)(1)(A) and (d)(3), as

well as Rule 41(b)). In determining whether dismissal is an appropriate

sanction, courts consider four factors:

1) whether the disobedient party acted in willful bad faith;
2) whether the opposing party suffered prejudice;
3) whether the court warned the disobedient party that failure to
   cooperate could result in a default judgment; and
4) whether less drastic sanctions were imposed or considered.

*Id*. (citing *Mage v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)

(quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)); *see*

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Although no one

factor is dispositive, bad faith is the preeminent consideration. *Id*.

Dispositive relief is proper against a party who has engaged in

contumacious conduct, perverse resistance of authority, or stubborn

disobedience. *Id*. Dispositive relief as a sanction is appropriate when "no

alternate sanction would protect the integrity of the pre-trial proceedings."

*Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992).

The Court agrees with the R&R's conclusion that Whitlow has been "stubbornly disobedient" and that the "bad faith disregard" of her obligation to sit for her own deposition prejudiced defendant. ECF No. 36, PageID.358-59. VMC filed a motion for sanctions on July 15, 2025, after Whitlow failed to appear for her deposition noticed for June 26, 2025. ECF No. 19. Whitlow did not file a response. On August 27, 2025, Magistrate Judge Stafford ordered Whitlow to appear for her re-noticed deposition and warned that failure to do so may result in her case being dismissed. ECF No. 29. Notice was issued setting a status conference for September 22, 2025, "to confirm that Whitlow appeared for her re-noticed deposition…." ECF No. 36, PageID.355. Whitlow did not appear for the status conference, and defense counsel – who was in attendance – confirmed that Whitlow also failed to appear for her deposition that had been re-noticed for September 4, 2025. *Id.*

Accordingly, Magistrate Judge Stafford ordered Whitlow to show cause no later than October 3, 2025, why her case "should not be dismissed as a sanction for her failure to appear for her deposition, her

violation of the order requiring her to appear at her deposition, and her failure to appear for the status conference." *Id.; see also* ECF No. 32. It was not until October 6, 2025, three days *after* her response to the order to show cause was due, that Whitlow first mentioned her medical issues by providing a note from her doctor dated July 2025. Whitlow did not provide a reason as to why she did not provide this information to the magistrate judge sooner, nor does she provide an explanation to this Court.

As noted, the most important consideration is whether Whitlow "acted in willful bad faith." *KCI*, 801 F. App'x at 934. Courts find willful bad faith when the party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Whitlow was expressly warned in writing that her claims may be dismissed if she failed to appear for her re-noticed deposition. "[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 478 (6th Cir. 2006). The party seeking to avoid the sanction of dismissal has the burden of showing that his or her failure to comply was

due to inability, not to willfulness or bad faith. *Southern Wabash Commc'ns v. Union County Broad. Co.*, 69 F. App'x 285, 290 (6th Cir. 2003). In addition to ignoring this Court's express warning that her case may be dismissed if she failed to appear for her re-noticed deposition, Whitlow also failed to appear for the status conference and failed to file a timely response to the order to show cause. Thus, Whitlow has presented no argument or evidence on which this Court could find anything other than willful and bad faith violations of the discovery rules and the Court's orders. The record is clear that Whitlow repeatedly defied court orders and failed to meet ordered deadlines, and the Court finds that the R&R properly concluded that Whitlow willfully acted in bad faith.

The Court also agrees with the R&R's finding that Whitlow's actions prejudiced defendants. Indeed, VMC noticed her deposition twice, attended a status conference to which she failed to appear, and filed a motion for sanctions due to its inability to depose her—all of which "wasted time, money, and effort in pursuit of a most basic discovery obligation." ECF No. 36, PageID359; *see also Moore*, 2023 WL 9023353, at *3 (holding that the district court properly determined the prejudice factor weighed against plaintiff because her failure to appear for depositions prevented defendants

from obtaining evidence and forced them to spend time and money preparing for the scheduled depositions.). Her first objection is overruled.

### B. Objection 2

Next, Whitlow says the magistrate judge failed to consider lesser sanctions, and "[t]he absence of lesser sanctions renders the dismissal recommendation premature and disproportionate." ECF No. 38, PageID.367. But the magistrate judge did consider lesser sanctions as she articulated in her order requiring Whitlow to attend her deposition. ECF No. 29. The R&R also discussed why Whitlow's repeated misconduct warranted dismissal as a sanction:

> "Clearly it is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice as the first and only sanction." *Harmon*, 110 F.3d at 368. But when a party has engaged in contumacious conduct, a district court is not "without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's [] neglect." *Id*. "Presented with record of sufficiently egregious conduct, then, this court need not hesitate to conclude that a district court has not abused its discretion by ordering dismissal as the first and only sanction." *Id*. at 369. Whitlow's willful failure to appear for deposition despite this Court's order and warning, and her willful failure to appear for the status conference, and her failure to timely respond to this Court's show cause order, warrant dismissal.

ECF No. 36, PageID.359-56. The statement that dispositive relief is the only appropriate sanction implies that all other possible sanctions were

considered and found lacking. *See Harmon*, 110 F.3d at 368 (district courts need not "incant a litany of the available lesser sanctions").

As discussed, the record here reflects that Whitlow's conduct was stubbornly disobedient, willfully contemptuous, and demonstrated an intent to thwart or reckless disregard for judicial proceedings. In short, even if the magistrate judge had not articulated or considered lesser sanctions before recommending dismissal, the record establishes contumacious conduct sufficient to excuse such a failure. Accordingly, Whitlow's second objection is overruled.

## C. Objection 3

Whitlow's third objection claims the magistrate judge overlooked her pro se status and medical hardship. She asserts, without explanation, that "[t]he Court's own docket reflects that Plaintiff attempted to communicate her limitations, albeit imperfectly." ECF No. 38, PageID.368. But as stated above, the docket reflects that Whitlow did not communicate her limitations until she filed her late response to the order to show cause, and she provides no explanation as to why she did not bring the July 2025 doctor's note to the Court's attention sooner.

Although federal courts afford pro se litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). The Court rejects and overrules this objection.

### D. Objection 4

In her fourth objection, Whitlow asserts that the magistrate judge misapplied the *Harmon* factors. However, the Court has already addressed the magistrate judge's finding that these factors weigh in favor of dismissal and agrees with the conclusion reached in the R&R. Because Whitlow does nothing more than restate her previous objection and her disagreement with Magistrate Judge Stafford's decision, her fourth objection is overruled. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection'

Page **11** of **13**

that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")

### E. Objection 5

Finally, Whitlow claims "dismissal would unfairly preclude merits review." ECF No. 38, PageID.368. However, Whitlow was expressly warned that her failure to appear for her deposition could result in the dismissal of her case, and she failed to inform the Court of her medical issues or file a motion to stay the proceedings. Whitlow's failures to participate in the prosecution of her case include missing scheduled hearings and repeatedly failing to appear for—or even schedule—her depositions. At this point, the integrity of the pretrial process would not be protected by any alternative sanction. *See United States ex rel. Oakes v. Cinnaire*, 2023 WL 5095977, at *4 (6th Cir. Aug. 9, 2023), (finding that "the district court was reasonable in concluding that no other sanction would be effective" for reasons that included a determination that plaintiff's "demonstrated unresponsiveness to the court's admonitions certainly qualifies as 'contumacious conduct.'").

Furthermore, the prejudice to the defendants is clear, as Whitlow has thwarted its legitimate efforts to conduct discovery in this case. Her conduct has prevented defendants from gathering evidence and deposing Whitlow to understand and defend against her claims against them. In addition, Whitlow's conduct has caused defendants to spend time and money in preparation for the noticed depositions. *Moore, supra*, at *3.

Accordingly, the Court concludes that dismissal of Whitlow's claims with prejudice is an appropriate sanction under the circumstances presented here. Whitlow's objection is overruled.

## IV.    Conclusion

For these reasons, the Court **OVERRULES** Whitlow's objections (ECF No. 38) and **ADOPTS** the R&R (ECF No. 36) as the findings and conclusions of the Court. Accordingly, the Court **GRANTS** defendant's motion for sanctions (ECF No. 19), and **DISMISSES WITH PREJUDICE** Whitlow's complaint.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: February 6, 2026                United States District Judge